# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# ERIE DIVISION

| | |
|---|---|
| MICHAEL BRUCE WILLIAMS, JR., | ) ) Civil Action No. 1: 18-cv-0066 |
| Petitioner, | ) ) |
| v. | ) ) Chief United States Magistrate Judge ) Cynthia Reed Eddy ) |
| MICHAEL R. CLARK, Superintendent, and DISTRICT ATTORNEY OF ERIE COUNTY, | ) ) ) ) |
| Respondents. | ) ) ) |

## MEMORANDUM OPINION[1]

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Michael Bruce Williams, Jr. ("Williams") under 28 U.S.C. § 2254 ("Petition"). (ECF No. 1). He is challenging the Judgment of Sentence imposed on him by the Court of Common Pleas of Erie County, Pennsylvania, at criminal docket number CP-25-CR-0003349-2012. (ECF No. 1). As relief, Williams seeks to be released from state custody and have his conviction expunged. (Petition at 16). For the reasons that follow, the Petition will be denied because none of the grounds for relief merits the grant of federal habeas relief. Furthermore, because jurists of reason would not find this disposition of the Petition debatable, a certificate of appealability will also be denied.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 29, 33, 50, and 53).

1

I.      **Factual and Procedural History**

   A.      <u>The Underlying Offense</u>

This case arises following Williams' convictions of rape, aggravated assault, recklessly endangering another person, and possession instruments of crime. The Pennsylvania Superior Court, in a Memorandum dated March 11, 2015, affirming Williams' convictions and judgment, recounted the factual history of the case as follows:

> In the early morning hours of March 18, 2012, [Victim] consumed alcohol at a house party and left seeking money to buy crack cocaine. N.T. Trial (Day 1), 1/16/14, at 27, 29-32. [Victim] walked to the Shell gas station on East 6th Street, City of Erie, and saw Appellant standing outside. *Id*., at 31-32. [Victim] approached Appellant, propositioned him, and asked if he had money. *Id.,* at 33. Appellant replied "yeah" and [Victim] asked [Appellant] to come into the alley with her. *Id.,* at 33.
>
> They both entered the alley and [Victim] asked [Appellant] for the money. *Id*., at 34. Once she realized that Appellant had no money, [Victim] tried to leave. *Id.,* at 34. Appellant grabbed [Victim's] arm, began fondling her breasts and buttocks, and attempted to remove her clothes. *Id.,* at 35-39. Appellant hit [Victim] and she tried unsuccessfully to fight [Appellant] off with her screwdriver. *Id.,* at 39, 41. [Victim] attempted to dial 911 from her cell phone, but Appellant took it and put it in his pocket. *Id.,* at 40.
>
> When she attempted to leave again, Appellant punched [Victim] in the face and slammed her to the ground. *Id*., at 42-43. Appellant removed [Victim's] pants and underwear. While [Victim] was lying on her stomach, Appellant began "humping her from behind" with his penis in her vaginal and anal areas. *Id*., at 43, 35, 48, 49 52, 64. [Victim] could feel [Appellant's] penis on her buttocks and the outer lips of her vaginal area. *Id.,* at 86, 89. Appellant also placed a belt around [Victim's] neck and struck [Victim] in the eye with the belt buckle. *Id*., at 43, 50.
>
> Over the course of several hours, [Victim] repeatedly told [Appellant] to stop and even told him that she had AIDS. *Id.,* at 59-60, 80-82. Appellant refused to stop until approximately 7:00 AM when Erie Police Department Officer Pete Dregalla arrived at the scene. *Id*., at 94. Dregalla entered the alley, heard [Victim] yelling for him, and saw Appellant on top of [Victim] with his pants down. *Id*., at 96-98. Appellant stood up and pulled up his pants, while [Victim] was screaming. *Id.,* at 98-99. [Victim] was visibly upset and Dregalla noticed that [Victim] had a swollen, black eye and minor scrapes. *Id.,* at 100, 104. He also saw clothes, a belt, screwdriver, and [Victim's] wig on the ground. *Id.,* at 100, 108.

> After Appellant was arrested and transported to the police station, police recovered [Victim's] cellular phone from Appellant during the booking process. *Id.,* at 104-105.

*Commonwealth v. Williams*, 873 WDA 2014, mem. op., at 1-3 (Pa. Super. Ct. July 5, 2013) (quoting Trial Court Opinion, 07/21/14, at 3).

B.  Proceedings in State Court

On January 17, 2014, following a two-day jury trial, Williams was found guilty on all charges. On April 28, 2014, Williams was sentenced as follows: 6 to 20 years' imprisonment for Count 1 (rape); 1-1/2 to 5 years imprisonment for Count 2 (aggravated assault, consecutive to Count 1); 6 to 24 months imprisonment for Count 3 (recklessly endangering another person, concurrent to Count 1); and 9 to 60 months imprisonment for Count 4 (possessing instruments of a crime, concurrent to Count 1).

Williams timely appealed. The sole issue raised on appeal related to a sentencing challenge with appellate counsel submitting an *Anders* brief and seeking leave to withdraw as counsel. On March 11, 2015, the Superior Court affirmed the judgment of sentence and granted appellate counsel's petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1976) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). (ECF Nos. 14-1 at 11; 20-5 at 1). No further appeals were taken.

After an unsuccessful direct appeal, Williams filed *pro se* a motion under the Post-Conviction Relief Act ("PCRA") asserting various claims of ineffective assistance of counsel. *See* PCRA Petition (ECF No. 20-6 at 1-13). Judge Garhart appointed William Hathaway, Esquire, to represent Williams during his PCRA proceedings. (ECF No. 20-7). On January 6, 2016, Attorney Hathaway filed a Supplement to the motion for post conviction collateral relief, incorporating by reference the ineffective assistance of counsel claims raised in the *pro se*

petition, and raising two additional claims, to wit, that trial and appellate counsel were ineffective for failing to preserve a claim challenging the sufficiency of the evidence as to the rape conviction and the weight of the evidence as to all convictions. (ECF No. 20-8). On March 2, 2016, Judge Garhart dismissed the PCRA petition without a hearing. (ECF No. 20-10).

On April 1, 2016, Williams, through counsel, filed a Notice of Appeal from the denial of his PCRA petition to the Superior Court. (ECF No. 20-11 at 1). On appeal, only the following issue was raised:

> Whether the appellant was afforded ineffective assistance of counsel given the joint omissions of trial counsel and appellate counsel to assert and preserve a claim challenging the sufficiency of the evidence as to the rape conviction and the weight of the evidence as to all convictions.

Br. of Appellant, at 3 (ECF No. 20-15 at 6). On February 27, 2017, the Superior Court of Pennsylvania affirmed the order denying the PCRA Petition. (ECF Nos. 14-1; 20-17). No further appeals were taken.

C. Proceedings in Federal Court

Having been denied relief in state court, Williams filed in this Court a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 raising four claims for relief (ECF No. 1) and a Memorandum of Law supporting his Petition (ECF No. 14). Respondents filed a response (ECF No. 20), in which they argue that Williams' petition contains unexhausted claims and should be dismissed as a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982). In the alternative, Respondents argue that three of Williams' four claims are procedurally defaulted and that the remaining claim should be dismissed on the merits. (ECF No. 20). Williams filed a handwritten eighteen-page Reply. (ECF No. 31).

The Court has reviewed the filings of the parties, as well as copies of the state court record, including copies of the transcripts from the trial and sentencing hearing. The matter is fully briefed and ripe for disposition. For the reasons discussed below, the Court will deny each of Williams' claims for relief and will dismiss the Petition with prejudice.

## II.    Petitioner's Claims

Williams' habeas petition raises four grounds for relief. (ECF No. 1). First, he brings an ineffective assistance of counsel claim ("IAC"), contending that he was afforded ineffective assistance of counsel by his trial counsel, appellate counsel, and PCRA counsel. Williams' second ground for relief is that the trial court committed the act of fraud in its notice of intent to dismiss the PCRA petition and supplemental petition without a hearing and in issuing the court's final order dismissing the PCRA petition and supplemental petition. The third ground for relief is that the Erie County District Attorney's Office committed the act of fraud and/or assisted and aided the Commonwealth's witnesses in the act of perjury. And Williams' fourth and final ground for relief, which is similar to his second ground for relief, is that the trial court committed the act of bias, fraud and abuse of discretion in filing its opinion, notice of intent to dismiss the PCRA petition and supplement petition without a hearing, and the final order dismissing the PCRA petition and supplemental PCRA petition.

Respondents argue that Williams failed to present his second, third, and fourth grounds for relief to the state courts on either direct appeal or in post-conviction proceedings. (ECF No. 20 at 5-7). Respondents also argue that Williams failed to present a number of actions or inactions of his counsel in his first ground for relief to the state courts. Respondents do not contest the exhaustion of Williams' IAC claims that trial counsel and appellate counsel failed to assert and preserve a claim challenging the sufficiency of the evidence as the rape conviction and

the weight of the evidence as to all convictions. Thus, they argue, Williams has presented a "mixed petition," all of which should be dismissed under relevant United States Supreme Court precedent. If the entire petition is not dismissed, Respondents assert that claims two, three, and four are procedurally barred in their entirety and that portions of claim one are also procedurally barred and that Williams' remaining claims should be dismissed on their merits.

### III.     The Standard for Habeas Relief under 28 U.S.C. § 2254

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"), "which imposes significant procedural and substantive limitations on the scope" of the Court's review.[2] *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). As a result, this Court may not grant a writ of habeas corpus on a claim that was adjudicated on the merits in state court proceedings unless the state courts' adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(1) and (2).  And the United States Court of Appeals for the Third Circuit has emphasized the heavy burden petitioners bear:  "even 'clear error'" by the state courts "will not suffice."  *Orie v. Sec. Pa. Dept. of Corrections*, 940 F.3d 845, 850 (3d Cir.

---

[2]     The first consideration in reviewing a federal habeas petition is whether the petition was timely filed under AEDPA's one-year limitations period.  28 U.S.C. § 2244(d); *Romansky v. Superintendent Green SCI,* 933 F.3d 293, 298 (3d Cir. 2019).  Applying the prisoner mailbox rule, Williams' petition is deemed filed as of February 27, 2018, the day he placed it in the prison mailing system.  Accordingly, the petition was filed within the applicable limitations period.

2019). Rather, the state court must be wrong "beyond any possibility for fair-minded disagreement." *Id*. (citations and internal quotations omitted). Moreover, under the AEDPA standard, the "[s]tate court[s'] relevant factual determinations are presumed to be correct unless the petitioner rebuts [that] presumption by clear and convincing evidence." *Han Tak Lee v. Glunt*, 667 F.3d 397, 403 (3d Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)). AEDPA imposes a "highly deferential" standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Blystone v. Horn*, 664 F.3d 397, 417 (3d Cir. 2011).

### A. Exhaustion of State Remedies

Among AEDPA's procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). When a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002).

Although mandatory, the exhaustion requirement "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. Under Pennsylvania law, a federal claim becomes exhausted once it is presented to the Pennsylvania Superior Court, either as a direct appeal from a state criminal conviction or as an appeal from a PCRA Court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004)

(finding that review from the Pennsylvania Supreme Court is unavailable, and therefore not required, to exhaust state court remedies).[3]

When a petition presents both exhausted and unexhausted claims, it is considered a "mixed petition." Under the "total exhaustion rule," a mixed habeas petition should be dismissed without prejudice. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997). But "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under *Rose*." *Toulson v. Beyer,* 987 F.3d 984, 987 (3d Cir. 1993) (emphasis added).

B.  The Procedural Default Doctrine

The doctrine of procedural default serves as an important corollary to the exhaustion requirement and provides a basis for a federal court to refuse to review a habeas claim. "When a claim is not exhausted because it has not been 'fairly presented' to the state courts,[4] but state

---

[3] Traditionally, under Pennsylvania law, exhaustion meant that a claim must be presented to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, *PA*, 959 F.2d 1227, 1230 (3d Cir. 1992). However on May 9, 2000, the Pennsylvania Supreme Court issued Judicial Administration Order 218, which provides that "in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. . . . " In re: *Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam).

[4] To "fairly present" a claim for exhaustion purposes, the petitioner must advance the claims "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Either way,

procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' " *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)). "However, claims deemed exhausted because of a state procedural bar are procedurally defaulted. . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Thus, claims are procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  A rule is "independent" if it is not "so interwoven with federal law" that it cannot be said to be independent of the merits of a petitioner's federal claims." *Johnson v. Pinchak,* 392 F.3d 551, 557 (3d Cir. 2004).  A rule is "adequate" if it is was "firmly established, readily ascertainable, and regularly followed at the time of the purported default."  *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007).

Additionally, a petitioner can overcome procedural default, thereby permitting federal court review, if the petitioner can establish either "cause" to excuse the default and "actual prejudice resulting from the alleged constitutional violation."  *Preston v. Superintendent Graterford SCI,* 902 F.3d 365, 375  (3d Cir. 2018), *cert. denied*, -- U.S. ---, 139 S. Ct. 1613 (2019) (quoting *Davila v. Davis*, -- U.S. ---, 137 S. Ct. 2058, 2065 (2017) (quoting *Wainwright v. Skyes*, 433 U.S. 72 (1977)).4).F⁵   To demonstrate "cause," a petitioner must "show that some

---

the petitioner must present his federal constitutional claims "to each level of the state courts empowered to hear those claims." *Id*. at 847.

⁵      A petitioner, alternatively, can overcome a procedural default by demonstrating that the court's failure to review the defaulted claim will result in a "miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991); *McCandless v. Vaughn*, 172 F.3d 225, 260 (3d Cir. 1999).  "However, this exception is limited to a 'severely confined category [] [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Slutzker v. Johnson,* 393 F.3d 373, 381 (3d Cir. 2004). A petitioner satisfies the "prejudice" requirement by establishing that the trial was "unreliable or . . . fundamentally unfair" because of a violation of federal law. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993). The burden lies with a petitioner to demonstrate circumstances that would serve to excuse a procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750.

V.      **Analysis and Discussion**

   A.    <u>The Petition will not be dismissed as a mixed petition because Claims Two, Three, and Four, although unexhausted, are procedurally defaulted.</u>

Respondents correctly note that Williams' second, third, and fourth claims for relief are not exhausted. None of these claims was raised on direct appeal or in post-conviction proceedings or "fairly presented" to the state courts. They are therefore unexhausted for purposes of habeas relief. Portions of Williams' remaining claim of ineffective assistance of counsel (Ground One) were presented to the state court and are exhausted.

Although technically a mixed petition, it will not be dismissed on that basis because the unexhausted claims are procedurally defaulted. Given the passage of time and the fact that Williams has already pursued both a direct appeal and a PCRA action, any unexhausted claim

---

convicted [the petitioner]'." *Preston v. Superintendent Graterford SCI,* 902 F.3d 365,375 n.11 (3d Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (internal alteration in original) (quoting *Schlup v. Delo*, 514 U.S. 298, 329 (1995)). Williams does not argue that his defaulted claims should be excused because failure to do so would result in a miscarriage of justice. Further, the Court concludes that nothing in the record suggests that Williams could meet the *Schlup* test. *See Schlup v. Delo*, 513 U.S. 298, 324-26 (1995) (explaining that the miscarriage of justice standard "requires 'new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'").

by him has been procedurally defaulted in state court. *See, e.g., Dean v. Tice,* Civ. Act. No. 1:18-cv-00373, 2020 WL 2933325, at *7 (W.D. Pa. June 2, 2020).

Williams advances no viable explanation as to why he did not include his procedurally defaulted grounds for relief on direct appeal or in his PCRA appeal. Accordingly, he has failed to establish either cause and prejudice or that a fundamental miscarriage of justice will occur if this Court does not address these claims on their merits. *See Schlup*, 513 U.S. at 326. As a result, Williams is not entitled to habeas relief on Claims Two, Three, and Four.

      B.      <u>Claim One will be dismissed as a portion is procedurally defaulted and the remaining portion is without merit</u>.

In Williams' first ground for habeas relief, he contends that he received ineffective assistance of counsel ("IAC") in violation of his rights guaranteed under the Sixth Amendment. Clearly established federal law governing ineffectiveness claims is set forth in the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Premo v. Moore*, 562 U.S. 115, 121 (2011). Under the first prong of *Strickland*, often referred to as the "performance" prong, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. Under the second prong, often referred to as the "prejudice" prong, a petitioner must demonstrate that the deficient performance prejudiced him, meaning that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 692. Although a petitioner must satisfy both prongs to succeed on his ineffectiveness claim, the Supreme Court noted that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697. *See also Mathias v. Superintendent Frackville SCI*, 876 F.2d 462, 477 (3d Cir. 2017).

The United States Court of Appeals for the Third Circuit has held that Pennsylvania's test for assessing IAC claims is not contrary to *Strickland*. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *see also Commonwealth v. Pierce,* 527 A.2d 973, 976 (Pa. 1987) (expressly stating that Pennsylvania follows the *Strickland* standard of review). Thus, the relevant question is whether the decisions of the Pennsylvania courts involve an unreasonable application of *Strickland*. *Jacobs v. Horn*, 395 F3d 92, 106 n.9 (3d Cir. 2005). That is, a petitioner must show that the state courts "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

When resolving an IAC issue, the question is not whether the defense was free from errors of judgment, but whether defense counsel exercised the customary skill and knowledge that normally prevailed at the time and place. *Strickland,* 466 U.S. at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and ha[s] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms'." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 699). In evaluating counsel's performance, the court must be "highly deferential" and "indulge a strong presumption" that counsel's challenged actions might be considered sound strategy. *Strickland*, 466 U.S. at 689. Counsel's actions are presumed to reflect a sound strategy unless the petitioner shows "no sound strategy . . . could have supported" them. *Thomas v. Varner*, 428 F.3d 491, 500 (3d Cir. 2005). The relevant inquiry is not whether petitioner's counsel was prudent, appropriate, or perfect. *Burger v. Kemp*, 483 U.S. 776, 794 (1987). Rather, the focus is simply to ensure the proceedings resulting in petitioner's conviction and sentence were fair. *See Strickland*, 466 U.S. at 684-85. Review of ineffectiveness claims is

"doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

With this standard in mind, the Court will now address the IAC claim that Williams has brought in his first ground for relief. He bases his claim on the joint omissions of trial counsel and appellate counsel to assert and preserve a claim challenging the sufficiency of the evidence as to his rape conviction and the weight of the evidence as to all convictions, as well as on the following actions or inaction of his counsel:

> Trial counsel assigned and aided the Commonwealth witnesses in the act of fraud, fail to have all and any evidence suppress, refuse to file a motion for continuance to impeach the petitioner video statement was illegally taken, . . . trial counsel fail to impeach the credibility of the Commonwealth witness . . ., trial counsel fraudulent unseal the statements of the victims to medical and police . . ., trial counsel stated that it was probable cause and fail to challenge there was no probable cause . . . appellant counsel Emily Merski filing a *Anders* brief where there where preponderance of evidence to support the legal elements of weight of evidence with merit.  Also the (PCRA) attorney refused to object to the District [illegible] . . . .

Pet. at 6 (ECF No. 1).

As previously noted, Williams raised a single issue on appeal of the denial of his PCRA petition: whether trial counsel and appellate counsel were ineffective by failing to assert a preserve a claim challenging the sufficiency of the evidence as to his rape conviction and the weight of the evidence as to all convictions.  Superior Court Memorandum, 2/27/2017. (ECF No. 14-1; 20-17).  Thus, the other ineffectiveness grounds Williams raises for the first time in this habeas petition were never "fairly presented" to the state courts.  As with Claims Two, Three and Four, these IAC claims are unexhausted and procedurally defaulted.  Williams advances no viable explanation as to why he did not include his procedurally defaulted grounds for relief in his PCRA appeal.  Accordingly, he has failed to establish either cause and prejudice or that a

fundamental miscarriage of justice will occur if this Court does not address these claims on their merits.  *See Schlup*, 513 U.S. at 326.

However, the Superior Court adopted the reasoning of the PCRA court and found that any challenge to the sufficiency of the evidence would have been unsuccessful and therefore, Williams suffered no prejudice by his counsel failing to preserve this issue:

> Here, the evidence adduced at trial reflects that [Williams], without the victim's consent, "humped her from behind with his penis in her vaginal and anal areas. During the prolonged assault, [Williams] punched the victim in the face, slammed her to the ground, and kicked her in the stomach. [Williams] also struck the victim in the eye with a belt buckle and wrapped the belt around her neck to restrain her. After the assault, the victim told the sexual assault nurse examiner that there was vaginal penetration and [Williams] attempted anal penetration. The nurse examiner observed an abrasion near the victims clitoral hood and swelling to her hymen. Based on this evidence, <u>any challenge to the sufficiency or weight of the evidence would have been unsuccessful and, therefore, [Williams] suffered no prejudice.</u> **See**[] **Commonwealth v. Sneed**, 899 A.2d 1067, 1084 (Pa. 2006) [] (holding that to demonstrate prejudice, petitioner must show there is a reasonable probability but for counsel's error or omission, the result of the proceeding would have been different.
>
> Rule 907 Not. at 4 ("Notice of Intent to Dismiss") (internal citations omitted). We conclude that the PCRA court's determination is supported by the record and is free from legal error.

Superior Court Memorandum, 02/27/2017 at 6 (quoting PCRA court's notice of intent to dismiss) (emphasis added).  As a result, this Court's review is governed by AEDPA's standard of review.  As noted above, to prevail on a claim that the state court has adjudicated on the merits, Williams must demonstrate that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 103 (2011). *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was

unreasonable—a substantially higher threshold"). Viewing the Superior Court's disposition of this IAC claim through the doubly deferential lens of AEDPA, the Court has no hesitancy in concluding that Williams has failed to carry his burden to persuade this Court that the Superior Court's disposition was unreasonable, yet alone even incorrect. Williams is thus not entitled to habeas relief on this claim.

The Superior Court also found that Williams had waived his claim that trial and appellate counsel were ineffective in failing to assert that the verdicts were against the weight of the evidence, but stated,

> Even if Williams had not waived this claim, it would fail. The PCRA court concluded that any challenge to the weight of the evidence would have been unsuccessful and, thus, Williams suffered no prejudice. Rule 907 Not. at 4. The PCRA court's conclusion is supported by the record is free from legal.

Superior Court Memorandum, 2/27/2017 at n.2. To the extent this claim must be reviewed *de novo*, this Court has reviewed the state court record and likewise concludes that the claim should fail. Williams contends the verdicts were against the weight of the evidence. The evidence presented at trial tells a different story. To start, the victim recounted in detail the violent encounter that took place between her and Williams. (N.T. (Day 1) 1/16/14 at 26-88). Then Erie Police Office Peter Dregalla testified that when he arrived on the scene, the victim was screaming, and he observed Williams on top of the victim with his pants down, the victim was visibly upset and physically injured. (N.T. (Day 1) 1/16/14 at 92-110). Next, Jill Little, the forensic nurse, testified to the injuries the victim suffered to her vaginal area as well as to her face and body. (N.T. (Day 1) 1/16/14 at 113-134). The Commonwealth's final witness was Detective Jim Spagel who testified that he took oral and video statements from the victim and

conducted a videotaped interview with Williams, which was played to the jury. (N.T. (Day 1) 1/16/14 at 135-144).

The Court finds that any challenge to the weight of the evidence would have failed. Counsel cannot be held to be ineffective for failing to raise a frivolous claim.

For all these reasons, Williams is not entitled to relief on his IAC claims.

## VI. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.  Applying those standards here, the Court concludes that jurists of reason would not find it debatable whether each of Williams' claims should be denied. Accordingly, a certificate of appealability will be denied.

## VII. Conclusion

For all of the above reasons, the instant Petition for a Writ of Habeas Corpus will be denied.  Further, as there is no basis upon which to grant a certificate of appealability, a certificate of appealability likewise will be denied.  An appropriate Order follows.


Dated:  September 9, 2020             <u>s/ Cynthia Reed Eddy</u>
                                      Cynthia Reed Eddy
                                      Chief United States Magistrate Judge


cc:   **MICHAEL BRUCE WILLIAMS, JR.**
      LN2033
      SCI Albion
      10745 Route 18
      Albion, PA 16475
      (via U.S. First Class Mail)

      **Grant T. Miller**
      Erie County District Attorney's Office
      (via ECF electronic notification)