# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# ERIE DIVISION

| | | |
|---|---|---|
| MICHAEL BRUCE WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1: 18-cv-0066 |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL R. CLARK, Superintendent; | ) | Chief United States Magistrate Judge |
| and DISTRICT ATTORNEY OF | ) | Cynthia Reed Eddy |
| ERIE COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION**[1]

Pending before the Court is the "Request for Rehearing Writ of Habeas Corpus Under Federal Rules of Civil Procedure 60" filed by Petitioner, Michael Bruce Williams, Jr. (ECF No. 62). For the reasons that follow, the motion will be denied.

### I.   Relevant Background

Petitioner, Michael Bruce Williams, Jr., commenced this federal habeas corpus action on February 8, 2018, challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County, Pennsylvania on April 28, 2014, at criminal docket number CP-25-CR-0003349-2012. In that petition, Williams contended that he was entitled to habeas relief because (1) his trial counsel, appellate counsel, and PCRA counsel were ineffective; (ii) the trial court committed the act of fraud in dismissing his PCRA petition and supplemental PCRA petition; (iii)

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF Nos. 29, 33, 50, and 53).

1

the Erie County District Attorney's Office committed the act of fraud and/or assisted and aided the Commonwealth's witnesses in the act of perjury; and (iv) the trial court committed the act of bias, fraud, and abuse of discretion in dismissing his PCRA petition and supplemental PCRA petition. Respondents filed an Answer in which they argued that (1) Petitioner's claims of fraud were all procedurally defaulted as Petitioner had failed to present these claims to the state courts on either direct appeal or in post-conviction proceedings, (2) Petitioner's claim(s) of ineffective assistance of counsel for failing to challenge the sufficiency of the evidence as to his rape conviction and the weight of the evidence as to all convictions were similarly procedurally defaulted as Petitioner had failed to present these claims to the state courts on either direct appeal or in post-conviction proceedings; and (3) and Petitioner's remaining claims of ineffective assistance of counsel were without merit.

On September 9, 2020, the Court issued a Memorandum Opinion and Order denying the Petition finding that none of the grounds for relief asserted in the petition merited the grant of federal habeas relief. The Court also denied a certificate of appealability. (ECF Nos. 59 and 60). A Judgment Order was filed contemporaneously filed with the Memorandum Opinion and Order. (ECF No. 61). Petitioner did not file a notice of appeal.

Ten months after this Court entered Judgment, Petitioner filed the instant motion, which he purports to advance under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 52.

## II. Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

In the habeas context, a motion labeled as a Rule 60(b) motion should be treated as a second or successive petition if it "seeks to add a new ground for relief" from the underlying conviction or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez,* 545 U.S. at 532. Conversely, said motion properly is treated as a "true" Rule 60(b) motion when it attacks, "'some defect in the integrity of the federal habeas proceedings,' such as the application of AEDPA's statute of limitations or rules on procedural default." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021) (quoting *Gonzalez*, 545 U.S. at 532); *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.").

Thus, the Court's first determination must be whether Petitioner's motion constitutes a second or successive habeas petition or is a true Rule 60(b) motion. If the Court concludes that the motion is actually an unauthorized second or successive habeas petition, it must be dismissed for lack of subject matter jurisdiction or be transferred to the court of appeals for consideration as an application to file a second or successive petition. *Gonzalez*, 545 U.S. at 538. However, if the Court concludes that the motion is a true Rule 60(b) motion, the motion will be ruled upon without precertification by the Court of Appeals. *Id*. at 531-32.

### III. Discussion

Petitioner's motion is far from a model of clarity, although claims of fraud seem to run throughout the motion. First, Petitioner asserts that the Superintendent has engaged in an act of fraud in the form of obstruction of justice through the filing a false misconduct report. Then he asserts that he has "timely objected to the District Attorney office response. With the request of

3

their respond's shall be considered time barred due to being outside the statute of limitations . . . under Civil Procedure Rule 56." Req. at ¶¶ 1, 2 (quoted verbatim). Next, it appears Petitioner may be challenging the Court's previous decision which found that some of his claims were procedurally defaulted. He states, "Petitioner exhausted his state remedies . . . articulating the alleged victim [name omitted] use the unlawful conduct (1) Perjury (2) Tampering with Evidence (3) Theft by deception (4) Theft by Extortion in filing a eighty page responds's to his appellant Attorney Brief that was discovery as derivative evidence during the course of criminal investigations. . . .*" Id.* at ¶ 3.

He also appears to be raising again the same claims that he raised in his Petition, namely, that the Commonwealth "aided/abetted their witnesses in the unlawful conduct of fraud in joint omission with the State District Court in the use of unlawful conduct of Fraud in its opinion." *Id*. at ¶ 2 (duplicate numbering) and that the Commonwealth did not meet its burden of proof. *Id*. at ¶¶ 5, 6.

And last, he states, "[i]nterwoven under the Fourth, derivative exclusionary rule, Fourteenth Amendment, Rule 3.8 Special Responsibilities of the Prosecutor's in challenge the veracity of an arrest warrant. Mandating an Evidentiary Hearing / Oral Argument in remeding the Petitioner state custody by release filing a nolle prossee under the Thirteenth Amendment." *Id*. at ¶ 7.

To the extent Petitioner is attacking his underlying conviction, this is exactly the sort of motion the Supreme Court of the United States has stated is in actuality a second or successive petition. *Gonzalez*, 545 U.S. at 530-31. Petitioner does not assert that he has received authorization from the United States Court of Appeals for the Third Circuit for such a second or successive petition. *See* 28 U.S.C. § 2244(b093)(A). Accordingly, this Court lacks jurisdiction to consider it

in the absence of prior authorization by the Court of Appeals for the Third Circuit.[2]  Alternatively, if this Court construes Petitioner's motion as a "true" Rule 60(b) motion, the motion will be denied as none of Petitioner's arguments warrant relief under Rule 60(b).

### IV.  Conclusion

For the foregoing reasons, Petitioner's motion will be dismissed.  Reasonable jurists would all agree that Petitioner has not shown that he obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive habeas corpus petition.  Reasonable jurists would also agree that this Court lacks jurisdiction and authority to consider the successive habeas petition without proof of such leave.  Alternatively, deeming this motion as a "true" Rule 60(b) motion, same will be denied as none of the arguments raised therein warrant relief under Rule 60(b).

Because jurists of reason would not find debatable the Court's disposition of this motion – whether construed in whole or in part as a second or successive petition or a true Rule 60(b) motion – a certificate of appealability will be denied.  28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (3d Cir. 2021).

An appropriate Order will issue.

Dated:  July 16, 2021             s/Cynthia Reed Eddy
                                       Chief United States Magistrate Judge

---

[2]  This Opinion should not be read as a comment upon the merits of any claim that Petitioner could raise in a second or successive habeas petition challenging his judgment of sentence, or whether such a petition would be subject to dismissal on other grounds.

cc: **MICHAEL BRUCE WILLIAMS, JR.**
LN2033
SCI Albion
10745 Route 18
Albion, PA 16475
(via U.S. First Class Mail)

Grant T. Miller
Erie County District Attorney's Office
(via ECF electronic notification)